

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00140-CR

**WILLIE EASTLAND, JR.,**

                                                               **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                               **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2011-274-C1

## MEMORANDUM OPINION

The jury convicted Willie Eastland, Jr. of the offense of tampering with physical evidence and assessed his punishment at five years confinement. We affirm.

### Sufficiency of the Evidence

In his first issue on appeal, Eastland argues that the evidence is insufficient to support his conviction for tampering with evidence. Two Waco police officers were on patrol when they observed a black Lincoln Navigator leaving from a house that had been condemned. The officers were familiar with the house because it was a "problem

house" where they had encountered persons selling drugs. The officers followed the vehicle and then conducted a traffic stop after the driver failed to signal his intent to turn.

Officer Vern Darlington approached the vehicle on the passenger side. He testified that Eastland had a "wad of money" in his left hand and with his right hand "he was making stuffing motions" into his pants. Officer Darlington could not identify what Eastland was stuffing into his pants. Officer Darlington testified that when he approached the vehicle, he detected the smell of marijuana coming from the vehicle.

Officer Jeremiah Beaman approached the vehicle on the driver's side. Officer Beaman testified that the window of the vehicle was rolled down and that he smelled marijuana coming from the vehicle. Officer Beaman made contact with Eastland and asked about the smell of marijuana. Eastland initially denied smoking marijuana, but then said he had smoked it a few hours ago.

The officers learned that Eastland had an outstanding warrant and placed him under arrest. Officer Darlington had informed Officer Beaman through the radio system that he saw Eastland stuffing something into his pants. Officer Beaman felt a "bulge" in Eastland's pants, and he testified he knew it was marijuana. Officer Darlington removed a large bag from Eastland's pants that contained individually wrapped smaller baggies of marijuana. The officers searched Eastland's vehicle and found more marijuana.

Three elements define the offense of tampering with physical evidence: (1) knowing that an investigation or official proceeding is pending or in progress, (2) a

person alters, destroys, or conceals any record, document, or thing, (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE ANN. § 37.09 (a) (1) (West 2011); *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008). Eastland specifically argues that the evidence is insufficient to show that he concealed the marijuana after the police initiated the traffic stop.

Eastland testified at trial that on the night of the offense he stopped and purchased marijuana on his way home. Eastland stated that he put the marijuana in his "briefs." He further testified that the marijuana was already in his "briefs" at the time of the traffic stop.

Officer Darlington saw Eastland with his hand inside of his pants making "stuffing motions," but he could not see what was in Eastland's hand. Officer Darlington testified that he believes Eastland was stuffing the marijuana down his pants when Officer Darlington approached the vehicle.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the

cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, No. AP-76,020, 2011 Tex. Crim. App. LEXIS 1222, *43-44 (Tex. Crim. App. Sept. 14, 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, the Court of Criminal Appeals has repeatedly reminded us that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A rational trier of fact could have found that Eastland concealed the marijuana in his pants after the officers initiated the traffic stop. Officer Darlington approached the vehicle immediately after the traffic stop and observed Eastland pull back his "underwear" and "stuff something into his pants." We overrule Eastland's first issue.

## Admission of Testimony

In his second issue, Eastland argues that the trial court erred in allowing the State to admit testimony that he was a drug dealer. We review the trial court's decision to admit evidence under an abuse of discretion standard. *Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.E71d.2d 3 (2004). There is no abuse of discretion when the trial court's ruling lies within the zone of reasonable disagreement. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Officer Darlington testified that Eastland had a large bag inside of his pants that contained smaller individually wrapped baggies of marijuana and that the packaging is indicative of a drug dealer or seller. Officer Darlington further testified that no one would purchase marijuana that has been in someone's underwear. Officer Beaman also stated that the marijuana was packaged for sale and that it was not common for a person to store marijuana in his or her underwear. The State argued that the testimony was relevant to show that because the marijuana was packaged to sell, Eastland had not stored it in his pants but rather put it there after the officers initiated the traffic stop.

Detective Anita Johnson testified that the marijuana seized from Eastland was packaged individually for sale. She stated that it is not uncommon for people who purchase and sell drugs to hide the drugs inside of their clothing and private areas. Eastland argues that Detective Johnson's testimony contradicted that of the other officers and the stated purpose of showing that he concealed the marijuana after the traffic stop. Eastland contends that the contradiction results in his portrayal as a drug dealer.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. The issue before the jury was whether Eastland put the marijuana in his pants before or after the officers initiated the traffic stop. The State offered the testimony to show that it was unlikely Eastland concealed the marijuana in his pants prior to the stop.

Although relevant, evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403. "Probative value" refers to the inherent probative force of an item of evidence--that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation--coupled with the proponent's need for that item of evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). "Unfair prejudice" refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Id*.

The State did not refer to Eastland as a drug dealer or elicit testimony that he was known as a drug dealer. There is no dispute that Eastland possessed marijuana. The State presented evidence that the marijuana was packaged for sale and that no one would purchase marijuana that had been in a person's underwear. The trial court did not abuse its discretion in admitting the testimony. We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirm
Opinion delivered and filed October 26, 2011
Do not publish
[CR25]